ALBAÑY,<br>January, 1818.<br><br>LORING<br>v.<br>HALLING.

Judgment reversed.

---

## LORING *against* HALLING.

IN error on *certiorari* to a justice's court.

The defendant in error brought an action in the court below against the plaintiff in error, and declared on a note or memorandum given for 24 dollars, on the sale of certain mortgaged premises, pursuant to a notice under the statute.

The word *month,* when used in a statute, is, if nothing appear to the contrary, to be understood a lunar, and not a calendar month.

The public notice required to be given in cases of sales under powers in mortgages, (sess. 36. c. 32. s. 6. 1 *N. R. L.* 374.) is sufficient, if published for six successive lunar months previous to the time of sale.

By this note the defendant below promised to pay that sum when the deed was given, provided the proceedings and sale had been regular, pursuant to the statute, and the only question made upon the trial was, as to the sufficiency of the notice, which was dated on the 17th of *February*, 1817, and inserted in a public newspaper the next day, and the sale was on the 7th of *August*. The justice considered the notice sufficient, and, accordingly, gave judgment for the plaintiff below, the defendant in error.

*Per Curiam.* A month in law is a lunar month, or 28 days, unless otherwise expressed; (2 *Bl. Com.* 141.;) and this, as a general rule, is recognised by this court in *Leffingwell* v. *Pierpont;* (1 *Johns. Cas.* 100.) although it is there decided, that it does not apply to bills of exchange, and promissory notes; but that in the computation of time, in relation to those instruments, a month is construed to mean a calendar month. In *Lacon* v. *Hooper*, (6 *Term. Rep.* 226.) it is laid down as a general rule, that when the word *month* is used in a statute, without the addition of *calendar*, or any other words to show that the legislature intended calendar months, it is understood to mean a lunar month. Lord *Kenyon* there expressed a wish, that when the rule was first established, it had been decided that *months* should be understood to mean *calendar*, and not *lunar* months; but observed, that the contrary had been so long, and so frequently determined, that it ought not again to be brought in question. By an act, (1 *N. R. L.* 374.) the notice is required to be inserted and continued, at least once a week, for six successive months previous to the sale, in one of the newspapers, &c. There are no words here to take it out of the general rule, that *month* means lunar month; and this seems to have been the construction given to this statute, in *Jackson* v. *Clark*. (7 *Johns. Rep.* 217.) The sale in that case was decided to be irregular, but no intimation was given that the time was too short; and the notice there was, like the present, computed by lunar months: it was dated on the 17th of *February*, and the sale was on the 12th of *August*. From these considerations it is very clear that the mode of computing the time of notice, required by the statute, must

be by lunar, and not by calendar months; and this being the only question raised on the return, the judgment must be affirmed.